IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
Civil Action Number: 4:22-CV-79

| | |
|---|---|
| STEPHEN RAY FRITSCH, | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TRAWLER CAROLINA LADY, INC., | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

ACTION UNDER SPECIAL RULES FOR SEAMEN TO SUE WITHOUT PREPAYMENT OF COSTS AND WITHOUT SECURITY THEREFOR, PURSUANT TO 28 U.S.C. § 1916.

Plaintiff, STEPHEN RAY FRITSCH, sues Defendant, TRAWLER CAROLINA LADY, INC. alleging as follows:

## SUMMARY OF THE CASE

1. Stephen Fritsch is a fifty-five-year-old Harkers Island, North Carolina, native with a long history of commercial fishing and earning a living on the water.

2. In August 2019, Mr. Fritsch was a crewmember aboard the fishing vessel MISS TYLER when, while working on the deck to secure the vessel, he was badly injured resulting in years of subsequent medical treatment, multiple surgeries, persistent pain, and an inability to return to his love of working at sea.

3. Following the injury and his surgeries, Mr. Fritsch has made every attempt to try to get on with his life. He has seen doctors throughout eastern North Carolina and followed

their medical advice, but still, as of the filing of this Complaint (nearly three years later), Mr. Fritsch remains in persistent pain, lacks mobility, and can hardly walk. He has not been released back to work and his injury has and will continue to severely impact his life and his ability to ever work again.

## THE PARTIES

4. Plaintiff, Stephen Fritsch, is a fifty-five-year-old United States citizen who maintains his permanent residence in Carteret County, North Carolina.

5. At all times material hereto, Plaintiff was a professional seafarer and commercial fisherman actively engaged in maritime employment aboard vessels located in the United States.

6. Defendant Trawler Carolina Lady, Inc. is a business entity organized and existing under the laws of the State of North Carolina with its principal place of business in New Bern, Craven County, North Carolina.

7. Defendant Trawler Carolina Lady, Inc. is the registered owner of the of 79-foot commercial fishing vessel (F/V) MISS TYLER whose homeport is Beaufort, Carteret County, North Carolina, but commercial fishes throughout the east coast, including the New England scallop fishery. The F/V MISS TYLER is a commercial fishing vessel with a registered length of 79.88 feet and has various State and Federal Fishing permits as appurtenances thereto. Defendant Trawler Carolina Lady, Inc. employed Plaintiff prior to and following the August 4, 2019 incident.

## JURISDICTIONAL ALLEGATIONS

8. Jurisdiction is vested by virtue of the Jones Act, Title 46 U.S.C. § 30104, et seq. Jurisdiction is also vested by virtue of the General Maritime Law of the United States.

## GENERAL ALLEGATIONS

9. At all times material herein Plaintiff was employed by the Defendant Trawler Carolina Lady, Inc. as an ordinary deckhand aboard the F/V MISS TYLER.

10. Prior to August 4, 2019, Plaintiff was hired by the Defendant or the Captain of its vessel MISS TYLER as a crewmember on said vessel.

11. In the late summer of 2019, the F/V MISS TYLER was engaged in the North Atlantic scallop fishery.

12. On August 4, 2019, following a scallop trip, the F/V MISS TYLER was tied up in New Bedford harbor in New Bedford, Massachusetts. The vessel was tied up in a fleet of four boats, with the F/V MISS TYLER being the farthest "outboard" vessel, meaning there were three boats between her and the harbor bulkhead.

13. On the afternoon of August 4, 2019, while some of the crew was ashore, a thunderstorm developed and moved into the area with heavy wind and rain.

14. The high winds had broken off the vessel tied to the bulkhead such that the fleet of four boats was drifting in the harbor.

15. Plaintiff was ordered to make his way on deck to help secure the vessel in whatever way he could and as Plaintiff was moving around the deck trying to secure lines he slipped on the flooded deck between the cut house and the fish hold.

16. Plaintiff's fall on the deck caused his left wrist to break and following the F/V MISS TYLER being secured in the harbor, Plaintiff was transported off the vessel and taken to the hospital in New Bedford where he underwent surgery on his left wrist which included inserting a metal plate in his wrist.

17. Following the wrist surgery, Plaintiff experienced severe complications which led to bone material being surgically removed from his left elbow, which then became infected.

18. The surgical site on his left arm became infected and additional, bone material had to be removed from his left leg The procedure on his leg, which is directly related to the incident on the F/V MISS TYLER, suffered complications such that Plaintiff can barely walk or move around.

19. After Plaintiff's injuries he has been unable to work or perform many activities of daily living that he was able to do prior to August 4, 2019.

20. As a direct and proximate result of the incident on the F/V MISS TYLER on August 4, 2019, Plaintiff Stephen Fritsch has sustained:

    a. A broken wrist, which necessitated emergency surgery and a metal plate in his wrist;

    b. Complications from a bone removal procedure in his left elbow which was performed to heal his broken wrist; and

    c. Complications from a bone removal procedure in left his leg which was performed because the elbow procedure was unsuccessful.

**FIRST CLAIM FOR RELIEF**
**(Jones Act 46 USC § 30104)**

21. The allegations contained in Paragraphs 1 through 20 are hereby realleged and incorporated by reference.

22. The Plaintiff, Stephen Ray Fritsch, makes this claim pursuant to the "Jones Act," Title 46 § 31304, et seq.

23. At all times material herein the Plaintiff was employed by the Defendant, Trawler Carolina Lady, Inc. as a crew member of the F/V MISS TYLER.

24. Trawler Carolina Lady, Inc., owed a duty to Plaintiff to exercise reasonable care.

25. Trawler Carolina Lady, Inc., by reason of the negligence of its agents, servants, employees and the master of the vessel, was negligent in the following particulars, among others, which will be shown upon the trial of this cause:

    d.  The master, owner, or operator of the vessel failed to properly supervise the work going on at the time of Plaintiff's injury.

    e.  The master, owner, or operator of the vessel failed to properly secure the vessel in light of foreseeable weather conditions.

    f.  The master, owner, or operator of the vessel failed to properly secure the vessel.

    g.  The master, owner or operator of the vessel failed to provide adequate or proper equipment to perform the task.

    h.  The master, owner or operator of the vessel failed to provide the Plaintiff with a safe place to work, which includes but is not limited to conditions on and around the deck of the vessel.

    i.  The master, owner or operator failed to provide an adequate and competent crew.

    j.  In failing to provide a seaworthy vessel for the Plaintiff.

    k.  And in other particulars to be shown at the time of trial. The Plaintiff reserves the right to claim against the Defendant's such other, further and different faults, negligence and unseaworthiness as the evidence may disclose.

26. As a direct and proximate result of the negligence of the Defendant Trawler Carolina Lady, Inc., and its breach of the warranty of seaworthiness as hereinabove alleged and as may be shown at the trail of this cause, the Plaintiff sustained:

    l.  Broken left wrist which required surgery and a metal plate in his wrist;

    m. Severe complications from the left wrist surgery which necessitated Plaintiff to undergo numerous surgical procures on his left elbow and leg, leaving him in severe pain and restricted in his ability to move, work, perform his regular activities of daily living and live life as he did prior to August 4, 2019; and

    n. Has undergone much pain and suffering and will continue to do so in the future.

27. As a direct and proximate result of the negligence of Trawler Carolina Lady, Inc. and the resulting bodily injuries, pain and suffering, and medical expenses, of Plaintiff, Stephen Fritsch, Mr. Fritsch is entitled to recover damages from Defendant Trawler Carolina Lady, Inc. in excess of $75,000.00.

## SECOND CLAIM FOR RELIEF
(Unseaworthiness under the General Maritime Law)

28. The allegations contained in Paragraphs 1 through 27 are hereby realleged and incorporated by reference.

29. Trawler Carolina Lady, Inc., is owner and operator of the F/V MISS TYLER, owed a duty to Plaintiff to provide him with a vessel that was in all respects seaworthy, staunch and fit for her intended purpose.

30. The F/V MISS TYLER was unseaworthy in that, among other things, was not properly equipped and manned, not properly supervised, and was unseaworthy in such other respects as shall be shown at trial.

31. The unseaworthiness of the vessel was a direct and proximate cause of the injuries sustained by Plaintiff.

32. As a direct and proximate result of the unseaworthiness of the vessel, Plaintiff suffered and continues to suffer, bodily injuries and pain and suffering.

### THIRD CLAIM FOR RELIEF
(Maintenance and Cure)

33. The allegations contained in Paragraphs 1 through 32 are hereby realleged and incorporated by reference.

34. The Defendant was required to provide Plaintiff maintenance and cure and any unearned wages as he became injured in his service of the F/V MISS TYLER.

35. Upon information and belief, Plaintiff has not been provided the full maintenance and cure to which he is entitled.

36. Plaintiff, because of his service to the vessel and his injuries sustained while in her service, is entitled to recover from the Defendant, maintenance and cure and unearned wages from the time of his injury to maximum medical improvement together with those attorney fees and expenses incurred in prosecuting his claim for maintenance and cure.

WHEREFORE, the Plaintiff, Stephen Ray Fritsch, prays that:

1. That he have and recover of the Defendant compensatory damages under the Jones Act for negligence or in the alternative under the General Maritime Law for unseaworthiness of the vessel in an amount in excess of $75,000.00 together with interest and costs;

2. That he have and recover maintenance, cure, and unearned wages to the extent that maintenance and cure has not already been paid;

3. That a jury trial be had on all issues triable; and

4. That the Plaintiff be awarded such other and further relief as the Court deems just and proper.

This the 25th day of July 2022.

                                        Respectfully submitted,

                                        By his attorneys,

                                        /s/ E. Winslow Taylor  
                                        E. Winslow Taylor  
                                        NC Bar #: 45533  
                                        Taylor & Taylor Attorneys at Law, PLLC  
                                        418 N. Marshall St., Suite 204  
                                        Winston-Salem, NC  27101  
                                        Tel.:  336-418-4745  
                                        Email: winslow@t2legal.com